ALBANY,
Feb. 1806.

Ballou
v.
I. & A. Hul-
bert.

*C. Elmendorf* and *Suydam*, for the plaintiff in error, op-
posed the motion, on an affidavit, that after the return to
the *certiorari* and an assignment of errors had been filed, a
rule for the defendant to join in error was entered, and a
notice thereof put up in the clerk's office, as the plaintiff
had received no notice that the defendant had employed an
attorney, and that after the expiration of the rule, a default
was entered and a judgment of reversal thereon.

*Per Curiam.* The rule to join in error ought to have
been personally served on the defendant. It was so deci-
ded, in *October* term 1801, in error, on *certiorari,* where
a motion for judgment of reversal on default, for not join-
ing in error, though not opposed, was denied, it appear-
ing, that no attorney had been employed by the defendant
in error, and that the notice had been put up in the clerk's
office.

Rule granted.

## Ballou, assignee of the Sheriff of Chenango, *against* I. and A. Hulbert.

Where one of
two defendants
is taken on a *ca-
pias ad respon-
dendum,* and
judgment en-
tered and an
execution issu-
ed against
both, such ex-
ecution will
not be set a-
side for irregu-
larity, if it ap-
pears that on-
ly the defend-
ant originally
arrested, is ta-
ken in execu-
tion.

SIMONDS, in behalf of the defendants, moved to set a-
side the *capias ad satisfaciendum* in this cause, on the ground
of irregularity. From the affidavits produced, it appeared,
that, A. Hulbert, one of the defendants only, had been ta-
ken on the *capias ad respondendum*, issued against both at
the suit of the plaintiff. Judgment having been obtained
in the suit, the plaintiff took out execution against both
defendants, who were taken in execution and now remain
in prison.

*Gould,* contra, produced the *ca. sa.* on which the sheriff
had indorsed that *A. Hulbert, one of the defendants only,
had been taken.* He contended, that by the words of the sta-
tute,[*] an execution might be issued against both the defend-

[*] Revised Laws, Vol. 1. Sess. 24. Ch. 99. Sect. 13. The creditor or
creditors of joint debtors, may issue process against them in the manner
now in use, and in case any of such joint debtors be taken and brought into

ants, though the one only who had been arrested on the *mes-ne* process, could be taken in execution, and that a plaintiff might indorse a direction on the *ca. sa.* to that effect. Though the general practice may be to issue a special execution in such cases, yet there was no necessity of inserting such special clause, as the directions of the act would be complied with, if such of the joint defendants as were taken and brought into court, on the *mesne* process, were alone taken in execution. The words, " shall not issue or execute," used in the act, when taken in connexion with what followed, must be understood to mean no more than that the execution should not be executed against such defendants as were not brought into court, but the execution might be general and against all, according to the judgment.

ALBANY,<br>Feb. 1806.

Schmidt<br>v.<br>United Insur-<br>ance Compa-<br>ny.

*The Court* refused to set aside the execution, but as it appeared from the affidavits, that *J. Hulbert* was illegally detained in custody, they ordered him to be discharged.

Rule refused, with costs.

## Schmidt *against* the United Insurance Company.

THE *Court* determined, that when the argument of a case is opened, the counsel shall furnish the *opposite side* with the *points* relied upon by the party, in support of the motion.

Practice on o-<br>pening argu-<br>ments.

court, he or they so taken and brought into court, shall answer to the plaintiff, and in case judgment shall pass for the plaintiff, he shall have his judgment and execution against such of them as were brought into court, *and against the other joint debtors named* in the process, in the same manner as if they had all been taken and brought into court by virtue of such process ; but *it shall not be lawful to issue or execute any such execution against the body, or against any lands or goods the sole property of any person not brought into court.*